IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| T. KEVIN HANEY, | : |
| Plaintiff, | : |
| vs. | : DOCKET NO. 02-CV-5124 |
| PHILADELPHIA NEWSPAPERS, INC., | : CIVIL ACTION |
| Defendant. | : |

**ORDER**

AND NOW this _____ day of _____, 2004, upon consideration of Defendant's Motion to Compel Dr. Peter Meyer to Comply with Defendant's April 2, 2004 Subpoena, it is hereby ORDERED that Defendant's Motion is GRANTED, and Dr. Peter Meyer shall:

(1) Produce to Defendant's attorneys all documents responsive to the subpoena served upon him by Defendant on April 2, 2004 within five days of the date of this Order; and

(2) Pay all reasonable expenses incurred by Defendant, including attorneys' fees, in bringing this motion.

Failure to comply fully with the terms of this Order shall subject Dr. Peter Meyer to appropriate sanctions upon application to this Court, which may include being held in contempt.

BY THE COURT:

_____
James McGirr Kelly, USDJ

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| T. KEVIN HANEY, | : | |
| --- | --- | --- |
| Plaintiff, | : | |
| vs. | : | DOCKET NO. 02-CV-5124 |
| PHILADELPHIA NEWSPAPERS, INC., | : | CIVIL ACTION |
| Defendant. | : | |

### DEFENDANT'S MOTION TO COMPEL DR. PETER MEYER TO COMPLY WITH DEFENDANT'S APRIL 2, 2004 SUBPOENA

Defendant Philadelphia Newspapers, Inc. ("PNI" or "Defendant") hereby moves this Court pursuant to Federal Rule of Civil Procedure 45(c) to compel Dr. Peter Meyer ("Dr. Meyer") to comply with Defendant's April 2, 2004 subpoena by producing any and all documents relating to his, or his employees or agents', care or treatment of Plaintiff and/or Plaintiff's son, Christian Haney, within five days of the date of this Order to the offices of Dechert LLP, 4000 Bell Atlantic Tower, 1717 Arch Street, Philadelphia, PA 19103. Additionally, PNI moves this Court to order Dr. Meyer to pay the reasonable expenses, including

attorneys' fees, incurred by PNI in making this motion. The basis for this motion is more fully set forth in the accompanying memorandum of law which is incorporated herein by reference.

Respectfully submitted,

Dated: June 21, 2004

_____(MBS2758)
Otto W. Immel
Melissa Bergman Squire
Dechert LLP
4000 Bell Atlantic Tower
1717 Arch Street
Philadelphia, PA 19103
(215) 994-4000

Attorneys for Defendant
Philadelphia Newspapers, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| T. KEVIN HANEY, | : |
| Plaintiff, | : |
| vs. | : DOCKET NO. 02-CV-5124 |
| PHILADELPHIA NEWSPAPERS, INC., | : CIVIL ACTION |
| Defendant. | : |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL DR. PETER MEYER TO COMPLY WITH DEFENDANT'S APRIL 2, 2004 SUBPOENA

Defendant Philadelphia Newspapers, Inc. ("PNI" or "Defendant") hereby submits this memorandum of law in support of Defendant's Motion to Compel Dr. Peter Meyer ("Dr. Meyer") to comply with Defendant's April 2, 2004 Subpoena.

## BACKGROUND

In this action, Plaintiff, Kevin Haney, has brought claims against Defendant pursuant to the Americans with Disabilities Act ("ADA") and the Family Medical Leave Act ("FMLA"). Plaintiff alleges that Defendant violated these statutes by failing to make reasonable accommodations for Plaintiff's own psychiatric condition and refusing to grant Plaintiff additional unpaid leave to address the medical condition of his son, Christian Haney. Thus, both Plaintiff's and his son's medical conditions are directly at issue in this case.

In Plaintiff's initial and supplemental answers to Defendant's First Set of Interrogatories Directed to Plaintiff, Plaintiff identified six doctors as having "knowledge of the medical condition of Plaintiff, as it relates to the complaint and answer." Plaintiff also identified seven doctors that "have information related to the medical condition of Plaintiff's son, Christian Haney, as it relates to the complaint and its answers." See Plaintiff's responses to Defendant's

interrogatories (attached as Exhibit A). Dr. Peter Meyer ("Dr. Meyer") was one of the doctors identified as having information relating to Christian Haney's medical condition. See Exhibit A at p. 2. According to Plaintiff's interrogatory response, Dr. Meyer is a psychiatrist and professor at the University of Pennsylvania's Children's Hospital of Philadelphia, Department of Child and Adolescent Psychiatry.

Based on Plaintiff's responses, Defendant served a subpoena for documents on all six of the doctors identified as having knowledge of Plaintiff's medical condition, and two of the doctors identified as having knowledge of his son's medical condition, including Dr. Meyer. Specifically, on February 13, 2004, Defendant sent a subpoena for documents to Dr. Meyer by Certified First Class United States Mail, Return Receipt Requested ("Subpoena 1"). A true and correct copy of Subpoena 1 and accompanying materials is attached hereto as Exhibit B. Subpoena 1 directed Dr. Meyer to produce documents relating to the "care or treatment of Christian Haney" to Defendant by February 23, 2004. See Exhibit B. It was accompanied by an Authorization for Release of Medical Information relating to Christian Haney, executed by Plaintiff, Christian Haney's father and guardian. See Exhibit B. Subpoena 1 was also accompanied by a letter explaining the reason for the subpoena, and a self-addressed Federal Express label for Dr. Meyer to use to mail copies of the requested documents. The Return Receipt received by Defendant showed that Dr. Meyer received Subpoena 1 on February 17, 2004.

On February 27, 2004, having not received documents or objections from Dr. Meyer, Defendant's attorney contacted him by telephone. Dr. Meyer explained to Defendant's attorney that because Christian Haney was 17 years old, Dr. Meyer required another authorization for release of medical information signed by Christian himself, not his father. In

2

this same discussion, Dr. Meyer told Defendant's attorney that he was "reluctant" to release his assessment notes pertaining to Christian Haney. Defendant's attorney explained that, because Plaintiff had identified Dr. Meyer as having knowledge of Christian Haney's medical condition—which is directly at issue in this case—all of Dr. Meyer's records were properly discoverable. Defendant's attorney believed that once Dr. Meyer had the new release, he would be comfortable complying with Subpoena 1.

On March 2, 2004, because Plaintiff's deposition was quickly approaching, Defendant's attorney contacted Plaintiff's attorney, Patrick Michael McHugh ("McHugh"), to discuss the issue of Dr. Meyer's records. McHugh agreed to ensure that Christian Haney signed another release for Dr. Meyer so that Dr. Meyer would release his records to Defendant's attorney. Through McHugh's cooperation, Christian Haney executed another release for his medical records in order to satisfy Dr. Meyer. Christian Haney's executed medical record release form was promptly delivered to Dr. Meyer.

On March 18, 2004, Defendant's attorney received, through McHugh, the documents produced by Dr. Meyer in response to Subpoena 1. Instead of complying with Subpoena 1 by producing all responsive documents to Defendant, apparently Dr. Meyer sent some to Plaintiff's counsel. In response to Subpoena 1, Dr. Meyer produced only six letters that he had written regarding Christian Haney's medical condition. A true and correct copy of these documents are attached hereto as Exhibit C. Dr. Meyer did not produce his assessment notes or any other documents pertaining to his care or treatment of Christian Haney. Because Dr. Meyer had not produced all the records that pertained to his "care or treatment" of Christian Haney, Defendant's attorney contacted him by telephone to discuss the issue. Defendant's attorney explained that Dr. Meyer's production of documents was incomplete, citing as an example the

3

fact that none of his assessment notes were produced. Dr. Meyer conceded that he had not produced all of the responsive records, but insisted that Christian Haney's medical records were not relevant to Plaintiff's suit. Defendant's attorney explained that the parties agreed that all of Dr. Meyer's records were discoverable and that, if necessary, Defendant would seek the Court's intervention.

Rather than immediately moving to compel Dr. Meyer to produce a complete set of his records, Defendant's attorney decided to await further discovery that might illuminate the level of need for Dr. Meyer's records. During Plaintiff's deposition, Plaintiff informed Defendant's attorney that he was currently taking Zoloft and that Dr. Meyer had prescribed it for him. Dr. Meyer had not been identified in Plaintiff's interrogatory responses as one of the doctors having knowledge of *Plaintiff's* medical condition. Additionally, Plaintiff referred several times to Dr. Meyer's involvement in circumstances relevant to Plaintiff's claims, which confirmed Defendant's need for, and right to, all of Dr. Meyer's records. Consequently, Defendant was now aware that Dr. Meyer's records were relevant not only as to Christian Haney's medical condition, but also to Plaintiff's medical condition.

Based on this information, on April 2, 2004, Defendant's attorney once again served a subpoena for documents upon Dr. Meyer ("Subpoena 2"). A true and correct copy of Subpoena 2 and accompanying materials is attached hereto as Exhibit D. Subpoena 2 was properly served by a process server. See Exhibit D, Proof of Service. It was accompanied by an Authorization for Release of Health Information for Plaintiff, a self addressed Federal Express label for Dr. Meyer to use in sending the documents, and a letter explaining the effect of the subpoena, specifically that it applied to Dr. Meyer's records relating to Christian Haney *and* Plaintiff. See Exhibit D. Subpoena 2 directed Dr. Meyer to produce all documents relating to

his "care or treatment of Kevin Haney . . . and Christian Haney" by April 15, 2002. See Exhibit D. Pursuant to Rule 45(c)(2)(B), any objections that Dr. Meyer may have had to Subpoena 2 were due, in written form, to Defendant or its attorneys before April 15, 2004. Dr. Meyer did not produce documents responsive to Subpoena 2, nor did he serve written objections.

Defendant's attorney has had several conversations with McHugh, Plaintiff's attorney, regarding Dr. Meyer's failure to comply with Defendant's subpoena for medical records. McHugh informed Defendant's attorney that he would attempt to discuss the issue with Dr. Meyer directly. By June 15, 2004, however, Dr. Meyer still had not produced documents responsive to Defendant's April 2, 2004 subpoena. Thus, on that date, Defendant's attorney sent Dr. Meyer a letter, by facsimile, requesting that he comply with the April 2, 2004 subpoena by Friday, June 18, 2004. A true and correct copy of Defendant's attorney's June 15, 2004 letter to Dr. Meyer is attached hereto as Exhibit E. The June 15, 2004 letter explained that if Dr. Meyer did not comply, Defendant would be forced to file a motion with the Court to compel his compliance. See Exhibit E. As of today, June 21, 2004, Dr. Meyer has not complied with Subpoena 2, nor served written objections to the subpoena on Defendant or its attorneys.

## ARGUMENT

**A. DR. MEYER SHOULD BE COMPELLED TO COMPLY WITH THE APRIL 2, 2004 SUBPOENA BECAUSE HE HAS NOT SERVED WRITTEN OBJECTIONS NOR DO ANY VALID GROUNDS FOR OBJECTIONS EXIST.**

Dr. Meyer's records pertaining to Plaintiff and his son, Christian Haney, are relevant and discoverable and Dr. Meyer has not served any objections to their production. Moreover, there exist no legitimate grounds for objecting to the subpoena commanding their production. Therefore, this Court should compel Dr. Meyer to fully comply with the April 2, 2004 subpoena.

5

The parties do not dispute that Dr. Meyer's medical records are relevant and discoverable as Plaintiff has put his medical condition and the medical condition of his son, Christian Haney, at issue in this case. Plaintiff and Christian Haney have both executed Authorizations for Release of Medical Information specifically so that Defendant could access their medical records from several doctors, including Dr. Meyer. Dr. Meyer is the only person that has expressed disagreement over whether his records are discoverable. Yet, he has submitted no objections to the April 2, 2004 subpoena as required under the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 45(c)(2)(B); In re DG Acquisition Corp. v Dabah, 151 F.3d 75, 80-81 (2d Cir. 1998); Packer v. Hansen, 1999 U.S. Dist. LEXIS 17618, at *5-6 (E.D. Pa. Nov. 12, 1999). Moreover, Dr. Meyer has no legitimate objections.

Through its motion and memorandum, Defendant has demonstrated its good faith effort to secure Dr. Meyer's compliance with the April 2, 2004 subpoena without the Court's involvement. Thus, it is apparent that without an order from this Court compelling Dr. Meyer's compliance, Dr. Meyer will continue to disregard his obligations under the law, thereby denying Defendant discovery to which it is entitled.

**B.   DR. MEYER SHOULD BE ORDERED TO PAY DEFENDANT'S COSTS AND ATTORNEYS' FEES INCURRED IN MAKING THIS MOTION.**

The Court should also order Dr. Meyer to pay the reasonable costs, including attorneys' fees, incurred by Defendant in filing this motion. Such relief is proper pursuant to Rule 45 of the Federal Rules of Civil Procedure. See, e.g., Expeditors Int'l of Washington, Inc. v. Vastera, Inc., 2004 U.S. Dist. LEXIS 2501, at *9-14 (N.D. Ill. Feb. 20, 2004); Bulkamatic Transport Co., Inc. v. Pappas, 2001 U.S. Dist. LEXIS 6062, at *10-11 (S.D.N.Y. May 11, 2001). In light of Defendant's good faith effort to cooperate with Dr. Meyer, and Dr. Meyer's failure to

comply, submit objections, or show any good faith effort to cooperate, he should bare Defendant's reasonable costs, including attorneys' fees, incurred in bringing this motion.

## CONCLUSION

Dr. Meyer's failure to comply fully with Defendant's April 2, 2004 subpoena or serve legitimate objections to it warrants entry of an order from this Court compelling full and immediate production of responsive documents. Accordingly, Defendant respectfully moves this Court to issue an Order compelling Dr. Meyer to comply with the subpoena served upon him on April 2, 2004 within five days and to pay Defendant's reasonable expenses, including attorneys' fees, incurred in bringing this motion.

Respectfully submitted,

Dated: June 21, 2004

_____(MBS2758)
Otto W. Immel
Melissa Bergman Squire
Dechert LLP
4000 Bell Atlantic Tower
1717 Arch Street
Philadelphia, PA 19103
(215) 994-4000
Attorneys for Defendant
Philadelphia Newspapers, Inc.

7

## **CERTIFICATE OF SERVICE**

I, Melissa Bergman Squire, hereby certify that on this, the 21st day of June, 2004, I caused to be served, by First Class United States Mail, a true and correct copy of Defendant's Motion to Compel Dr. Peter Meyer to Comply with Defendant's April 2, 2004 Subpoena, and supporting memorandum, on the subject of the subpoena and counsel of record for Plaintiff addressed as follows:

> Dr. Peter Meyer
> Children's Hospital of Pennsylvania
> Dept. of Child and Adolescent Psychiatry
> 34th and Civic Center Boulevard
> Philadelphia, PA  19104
>
> Patrick M. McHugh, Esq.
> 8040 Roosevelt Boulevard, Suite 214
> Philadelphia, PA 19152

_____
Melissa Bergman Squire