IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| T. KEVIN HANEY, | : | |
| Plaintiff, | : | |
| vs. | : | DOCKET NOS.  02-5124 and 03-4267 |
| PHILADELPHIA NEWSPAPERS, INC., | : | CIVIL ACTION |
| Defendant. | : | |

## <u>ORDER</u>

AND NOW this _____ day of _____, 2004, upon consideration
of Defendant's Motion for a Protective Order, it is hereby ORDERED that Defendant's Motion
is GRANTED, and that Plaintiff SHALL NOT be permitted to take the deposition upon oral
examination of Katherine Hatton, Esquire, except by order of this Court.

BY THE COURT:


_____
James McGirr Kelly, USDJ

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| T. KEVIN HANEY, | : |
| | : |
| Plaintiff, | : |
| | : |
| vs. | :   DOCKET NOS.  02-5124 and 03-4267 |
| | : |
| PHILADELPHIA NEWSPAPERS, INC., | :   CIVIL ACTION |
| | : |
| Defendant. | : |
| | : |

## DEFENDANT'S MOTION FOR PROTECTIVE ORDER

Defendant Philadelphia Newspapers, Inc. hereby moves this Court pursuant to

Federal Rule of Civil Procedure 26(c) for a protective order barring Plaintiff from taking the

deposition upon oral examination of Katherine Hatton, Esquire.  The basis for this motion is

more fully set forth in the accompanying memorandum of law, which is incorporated herein by

reference.

Respectfully submitted,

Dated: June 29, 2004

_____ (MBS2758)
Otto W. Immel
Melissa Bergman Squire
Dechert LLP
4000 Bell Atlantic Tower
1717 Arch Street
Philadelphia, PA 19103
(215) 994-4000

Attorneys for Defendant
Philadelphia Newspapers, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| T. KEVIN HANEY,<br><br>               Plaintiff,<br><br>        vs.<br><br>PHILADELPHIA NEWSPAPERS, INC.,<br><br>               Defendant. | DOCKET NOS. 02-5124 and 03-4267<br><br>CIVIL ACTION |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR PROTECTIVE ORDER

Plaintiff Kevin Haney seeks to take the deposition of Defendant Philadelphia Newspapers, Inc.'s general counsel, Katherine Hatton. Despite being informed that all of Ms. Hatton's actions with respect to Plaintiff's claims have been taken in her capacity as attorney for Defendant and that any testimony which Plaintiff might seek to obtain is therefore protected by the attorney-client privilege and work product doctrines, Plaintiff has persisted in seeking Ms. Hatton's deposition. For this reason, Defendant has filed the instant motion for a protective order and respectfully requests that the Court bar Plaintiff from taking Ms. Hatton's deposition.

## I.    FACTUAL BACKGROUND

In this action, Plaintiff Kevin Haney has asserted claims against Defendant Philadelphia Newspapers, Inc. ("Defendant" or "PNI") pursuant to the Americans with Disabilities Act ("ADA") and the Family Medical Leave Act ("FMLA"). Plaintiff, a former employee of PNI, alleges that Defendant violated these statutes by failing to make reasonable accommodations for Plaintiff's psychiatric condition and refusing to grant Plaintiff additional unpaid leave to address the medical condition of his son.

On May 26, 2004, Plaintiff's counsel, Patrick Michael McHugh, noticed the deposition of PNI's General Counsel, Katherine Hatton. *See* Notice of Deposition, attached hereto as Exhibit A. After learning that Defendant objected to the taking of Ms. Hatton's deposition on the grounds of attorney-client privilege and work product doctrine, Mr. McHugh sent a letter to Melissa Bergman Squire, counsel for Defendant, stating that because he believed that Ms. Hatton "may have been a decisionmaker with respect to [Plaintiff's] request for a reasonable accommodation," her communications with PNI's management were not privileged. Letter of Patrick Michael McHugh to Melissa Bergman Squire, dated June 8, 2004, Exhibit B.

Otto Immel, counsel for Defendant, responded to Mr. McHugh's letter by again noting that because Ms. Hatton is an attorney employed by Defendant and was at all times relevant to Plaintiff's claims acting in that capacity for the purpose of providing legal advice to Defendant, any testimony sought from her is protected by the attorney-client privilege. *See* Letter of Otto W. Immel to Patrick Michael McHugh, dated June 16, 2004, Exhibit C. In a second letter, Mr. Immel further noted that counsel's contention that Ms. Hatton was a decisionmaker with respect to Plaintiff's request for accommodation is untrue, as no decision with respect to that request was ever made because the interactive process regarding possible accommodations was unilaterally terminated by Plaintiff's counsel. *See* Letter of Otto W. Immel, dated June 17, 2004, Exhibit D.

Despite these facts, Defendant's counsel invited Mr. McHugh to identify any areas of inquiry that he believed were not privileged and noted that Defendant would consider making Ms. Hatton available if Mr. McHugh could identify legitimate, non-privileged issues he intended to address. *See* Exhibits C, D. To date, Mr. McHugh has not done so. Instead, on June

28, 2004, Mr. McHugh reiterated his intent to go forward with Ms. Hatton's deposition unless

Defendant filed a motion for a protective order.

## II.    ARGUMENT

A.    **MS. HATTON WAS AT ALL TIMES RELEVANT TO THIS CASE ACTING IN HER CAPACITY AS DEFENDANT'S GENERAL COUNSEL AND HER TESTIMONY IS PROTECTED BY THE ATTORNEY-CLIENT PRIVILEGE.**

Despite repeated inquiries, Plaintiff's counsel has failed to articulate any reason

why he believes Ms. Hatton's testimony in this case is not privileged. Ms. Hatton is the general

counsel for Defendant and, as such, her primary job responsibility is the provision of legal advice

to PNI and its representatives. Communications between in-house counsel and her company's

employees are protected by the attorney-client privilege. *Upjohn Company v. United States*, 449

U.S. 383, 394 (1981) (communications between in-house counsel and corporation's employees

for the purpose of providing legal advice to corporation are protected by attorney-client

privilege); *see also Tucker v. Fischbein*, 237 F.3d 275, 288 (3d Cir. 2001) (affirming denial of

motion to depose in-house counsel because "the communications with in-house counsel involved

here were clearly for the purpose of rendering legal advice and therefore are privileged").

Plaintiff has offered no justification for his assertion that Ms. Hatton was not

acting in her capacity as counsel for PNI with respect to the events upon which Plaintiff bases his

claims in this case. As the attached Declaration from Ms. Hatton states, *see* Exhibit E, her

involvement in events relating to Plaintiff was entirely in her capacity as an attorney providing

legal advice to PNI, for whom she serves as general counsel. This is particularly clear with

regard to the subject matter identified in Plaintiff's counsel's June 8, 2004 letter—"my client's

request for reasonable accommodation"—about which he seeks to depose Ms. Hatton. *See*

Exhibit B. At the time of Plaintiff's request for accommodation, he was already represented by

3

counsel, Mr. McHugh, who was communicating with PNI on Plaintiff's behalf. As counsel to PNI, Ms. Hatton became the primary PNI representative in dealing with Plaintiff's attorney. Her communications with her client, PNI, and her thought processes and deliberations are plainly privileged. Just as Plaintiff's communications with Mr. McHugh regarding his request for accommodation by PNI are protected by privilege, so are Ms. Hatton's communications with PNI. That Ms. Hatton is an in-house lawyer, rather than outside counsel, does not alter this conclusion.

B.   **THE SUBJECTS ON WHICH COUNSEL SEEKS TO DEPOSE MS. HATTON ARE ALSO PROTECTED BY THE WORK PRODUCT DOCTRINE.**

Further, given the involvement of Plaintiff's counsel during the interactive process regarding Plaintiff's request for accommodation, much of the testimony that Plaintiff is likely to seek is protected by the work product doctrine. Rule 26(b)(3) of the Federal Rules of Civil Procedure admonishes that courts overseeing discovery "shall protect against disclosure of the mental impressions, conclusions, opinions or legal theories of an attorney...concerning [a] litigation." Although litigation had not commenced at the time of the interactions which Plaintiff seeks to examine, it was clearly threatened, as Ms. Hatton's involvement suggests. *Accord United States v. Nobles*, 422 U.S. 225, 237-38 (1975) (work product doctrine protects "materials prepared by an attorney 'acting for his client in anticipation of litigation'") (quoting *Hickman v. Taylor*, 329 U.S. 495 (1947)); *In re Cendant Corp Securities Litig.*, 343 F.3d 658, 667 (3d Cir. 2003) (consultations conducted in preparation for litigation are protected by work product privilege). Again, there is no difference in the applicability of the work product doctrine simply because the attorney in question is in-house counsel. *See Upjohn*, 449 U.S. at 397-400; *Coleman v. General Electric Co.*, NO. CIV.A. 94-CV-4740, 1995 WL 358089, at *2-*3 (E.D.Pa. Jun 08, 1995) (investigation by in-house counsel protected by work product doctrine).

4

For these reasons, the work product doctrine also supports preventing Plaintiff from deposing Defendant's general counsel.

### III.    CONCLUSION

As stated above, because Katherine Hatton's involvement in the events underlying Plaintiff's claims in this case was limited to the provision of legal advice to PNI, any testimony she could offer in this case is protected by the attorney-client privilege and the work product doctrine.  For this reason, Defendant respectfully requests that its motion for a protective order be granted and that Plaintiff be barred from taking Ms. Hatton's deposition

Respectfully submitted,

Dated: June 29, 2004                                                            _____(MBS2758)
                                                                                            Otto W. Immel
                                                                                            Melissa Bergman Squire
                                                                                            Dechert LLP
                                                                                            4000 Bell Atlantic Tower
                                                                                            1717 Arch Street
                                                                                            Philadelphia, PA 19103
                                                                                            (215) 994-4000
                                                                                            Attorneys for Defendant
                                                                                            Philadelphia Newspapers, Inc.

5

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

T. KEVIN HANEY,                        :
                                       :
                Plaintiff,             :
                                       :
        vs.                            :      DOCKET NOS.  02-5124 and 03-4267
                                       :
PHILADELPHIA NEWSPAPERS, INC.,         :      CIVIL ACTION
                                       :
                Defendant.             :
                                       :

## CERTIFICATION

I, Otto W. Immel, hereby certify, pursuant to Fed. R. Civ. P. 26(c), that I have in good faith attempted to resolve the dispute that is the subject of Defendant's Motion for Protective Order without court action, but have been unable to do so.

Dated:  June 29, 2004

Otto W. Immel

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| T. KEVIN HANEY, | : |
| Plaintiff, | : |
| vs. | : DOCKET NOS. 02-5124 and 03-4267 |
| PHILADELPHIA NEWSPAPERS, INC., | : CIVIL ACTION |
| Defendant. | : |

## CERTIFICATE OF SERVICE

I, Melissa Bergman Squire, hereby certify that on this, the 29th day of June, 2004, I caused a true and correct copy of Defendant's Motion for Protective Order and supporting Memorandum of Law to be served on Plaintiff's counsel of record, by First Class United States Mail, addressed as follows:

Patrick M. McHugh, Esq.
8040 Roosevelt Boulevard, Suite 214
Philadelphia, PA 19152

Melissa Bergman Squire

**<u>EXHIBIT A</u>**

IN THE UNITED STATED DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

T. KEVIN HANEY                    :        C.A. No.: 02-5124
7111 Chew Avenue                  :
Philadelphia, PA  19119           :
                                  :
              Plaintiff           :
        v.                        :
                                  :
Philadelphia Newspapers, Inc.     :
400 N. Broad Street               :
Philadelphia, PA                  :
                                  :
              Defendant           :        JURY TRIAL DEMANDED

## NOTICE OF DEPOSITION

TO:    Catherine Hatton, Esquire
       c/o Melissa Bergman Squire, Esquire
       Dechert
       4000 Bell Atlantic Tower
       1717 Arch Street
       Philadelphia, PA  19103


       PLEASE TAKE NOTICE that counsel for Plaintiff will take the deposition of Catherine

Hatton, Esquire pursuant to Rule 30 of the Federal Rules of Civil Procedure, on **Wednesday,**

**June 30, 2004 at  2:00 p.m.** at the offices of Patrick M. McHugh, 8040 Roosevelt Boulevard,

Suite 214, Philadelphia, PA  19152, before an officer authorized by law to administer oaths.

Said depositions will continue from day to day until completed.

                                  _____
                                  PATRICK M. McHUGH
                                  Suite 214, 8040 Roosevelt Building
                                  8040 Roosevelt Boulevard
                                  Philadelphia, PA  19152
                                  (215) 332-0707

C:\haney\notdep

## CERTIFICATE OF SERVICE

I, PATRICK M. McHUGH, ESQUIRE, hereby certify that I served a true and correct copy of

foregoingNotices of Depositions for Catherine Hatton, Esquire; Dr. Francis Burke and Ellen Folely upon the

following individual(s) by hand delivery on May 26, 2004:

Melissa Bergman Squire, Esquire
Dechert
4000 Bell Atlantic Tower
1717 Arch Street
Philadelphia, PA  19103

PATRICK M. McHUGH, ESQUIRE

C:\haney\notdep

**EXHIBIT B**

# PATRICK MICHAEL McHUGH, ESQ.

SUITE 214, THE 8040 ROOSEVELT BUILDING
8040 ROOSEVELT BOULEVARD
PHILADELPHIA, PENNSYLVANIA 19152
(215) 332-0707
FAX (215) 332-3332

June 8, 2004

Melissa Bergman Squire, Esquire
Dechert
4000 Bell Atlantic Tower
1717 Arch Street
Philadelphia, PA  19103

RE:    **Haney v. PNI - Request for Production of Documents**

Dear Melissa:

My review of the documents produced in response to Plaintiff's First Request for Production of Documents reveals that there were no emails, between and among PNI management, which discussed in any way Kevin Haney's request for exercise of his rights under the Family & Medical Leave Act and no emails between and amongst management employees which discussed in any way Mr. Haney's request for a reasonable accommodation.  I would request that you consult with your client and then advise my office if this is true.

To the extent that there are emails which your office deemed "privileged," I direct your attention to Document Request Instruction No. 11 which required you to identify, to some extent any such documents.  It appears that Miss Hatton may have been the decision maker with respect to my client's request for a reasonable accommodation, and I do not believe management can invoke said attorney client privilege with respect to its interactions with Ms. Hatton in coming to a decision.  Please advise.

Please advise me exactly when I will receive your client's written responses to Plaintiff's First Set of Interrogatories.  It is not entirely clear, from the deposition taken so far, who, in fact, was the decision maker with regard to my client's request for Family & Medical Leave Act as

melissa

well as for his request for a reasonable accommodation under the ADA.  This information should be simple enough for your client to provide you.

Finally, enclosed please find the following:

1.)     Plaintiff's Second Set of Interrogatories;
2.)     Plaintiff's Economic Expert's Report;

Very truly yours,

Patrick M. McHugh

PMM/kc
Enclosure
cc:    Kevin Haney

**<u>EXHIBIT C</u>**



Dechert LLP

**Otto W. Immel**
Direct Tel: (215) 994-2309
otto.immel@dechert.com

June 16, 2004

**VIA FACSIMILE**

BOSTON

BRUSSELS

CHARLOTTE

FRANKFURT

HARRISBURG

HARTFORD

LONDON

LUXEMBOURG

MUNICH

NEW YORK

NEWPORT BEACH

PALO ALTO

PARIS

PHILADELPHIA

PRINCETON

SAN FRANCISCO

WASHINGTON

Patrick Michael McHugh, Esquire
The 8040 Roosevelt Building, Suite 214
8040 Roosevelt Boulevard
Philadelphia, PA 19152

Re:  Haney v. Philadelphia Newspapers, Inc., Case Nos. 02-5124 and 03-4267 (E.D.Pa.)

Dear Pat:

I am writing in response to your request to schedule the depositions of Katherine Hatton, Ellen Foley, Francis Burke, and Joseph Curran and your letter of June 8 concerning attorney client privilege issues relating to Ms. Hatton.

With regard to Ms. Hatton, as you know from the discovery to date, she is an attorney and PNI's general counsel. In that capacity, she is consulted by and regularly provides legal advice to company personnel. All such communications between Ms. Hatton and those she advises are, therefore, clearly privileged. With regard to the events involving Mr. Haney, once PNI was contacted by an attorney, you, representing Mr. Haney, Ms. Hatton began communicating with you on behalf of PNI. Decisions she made in her capacity as PNI's legal representative, and any related communications she had with PNI management, also are clearly privileged. Your contention that management's interactions with Ms. Hatton in connection with her role as PNI's general counsel are not privileged is incorrect.

If you believe there are non-privileged subjects on which you wish to depose Ms. Hatton, please let me know what they are and we will respond accordingly. Unless you can identify such non-privileged subjects, we will not agree to make Ms. Hatton available.

Dr. Francis Burke is not a PNI employee and so he is not under our control. However, he has agreed to make himself available for deposition. If you will let me know how long you anticipate needing Dr. Burke, and your available dates, I will schedule his deposition.

Ellen Foley is no longer with PNI. However, she has also agreed to make herself available for deposition in Madison, Wisconsin, where she lives and works. She has agreed to schedule the deposition in the next few weeks. Please let me know your available dates and I will schedule her deposition.

Patrick Michael McHugh, Esquire
June 16, 2004
Page 2


Finally, as we still have not received the signed authorization from your client for Mr. Curran, we cannot yet schedule his deposition.  I will do so as quickly as I can once we receive the document.

Very truly yours,


Otto W. Immel


OI/jp
890830.1.PHI_LIT_50

**<u>EXHIBIT D</u>**

 **Dechert** LLP

**Otto W. Immel**
Direct Tel: (215) 994-2309
otto.immel@dechert.com

June 17, 2004

**VIA FACSIMILE**

BOSTON

BRUSSELS

CHARLOTTE

FRANKFURT

HARRISBURG

HARTFORD

LONDON

LUXEMBOURG

MUNICH

NEW YORK

NEWPORT BEACH

PALO ALTO

PARIS

PHILADELPHIA

PRINCETON

SAN FRANCISCO

WASHINGTON

Patrick Michael McHugh, Esquire
The 8040 Roosevelt Building, Suite 214
8040 Roosevelt Boulevard
Philadelphia, PA  19152

Re:  Haney v. Philadelphia Newspapers, Inc., Case Nos. 02-5124 and 03-4267 (E.D.Pa.)

Dear Pat:

I am writing to follow up on our telephone conversation this morning concerning Ms. Hatton's deposition and your request that we "Identify the decision maker at PNI with regard to Plaintiff's request for a reasonable accommodation under the Americans with Disabilities Act." The answer to that question is that there was no ultimate "decision maker" because PNI did not decide to grant or deny the requests; rather the Company was engaged in an interactive process with Mr. Haney, directly and through you, until the process was cut off by your letter of February 4, 2002.

Charles Cammack was initially responsible for addressing Mr. Haney's November 12, 2001 request for a schedule change and various other accommodations. He did so by way of his letters of November 16 and November 21, responding to some of the requests and seeking medical information in connection with other of Mr. Haney's requests for accommodation, in order to evaluate the requests and further respond.

After you began communicating with PNI on Mr. Haney's behalf in late November, 2001, Katherine Hatton, Esquire, became the primary PNI representative. Following receipt of your December 24, 2001 letter and attachments, no decision was made by PNI on whether to grant or deny the accommodations requested in that letter. Rather, the interactive process, addressing both the issues concerning the medical information submitted and alternate resolutions to Mr. Haney's situation, continued into January, 2002 and was ended by you on February 4, 2002.

Ms. Hatton was at all times acting in her capacity as PNI's general counsel and legal representative in dealing with you, as counsel to Mr. Haney. Her deliberations, consultations, and thought process are plainly privileged. With regard to PNI's position on the information accompanying your December 24 letter, the principal grounds of the insufficiency were addressed specifically in my letter to you of February 1, 2002.

Patrick Michael McHugh, Esquire
June 17, 2004
Page 2


Once again, if you can identify any non-privileged subjects about which you wish to ask
Ms. Hatton, we will respond accordingly.

Very truly yours,



Otto W. Immel


OI/jp
890830.2.PHI_LIT_50

**EXHIBIT E**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| T. KEVIN HANEY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | DOCKET NOS. 02-CV-5124 |
| | | & 03-4267 |
| | : | |
| PHILADELPHIA NEWSPAPERS, INC., | : | CIVIL ACTION |
| | : | |
| Defendant. | : | |
| | : | |

## DECLARATION OF KATHERINE HATTON

I, Katherine Hatton, Esq., hereby declare that:

1.      I am an attorney licensed to practice law in the Commonwealth of Pennsylvania and am Vice President and General Counsel for Philadelphia Newspapers, Inc. ("PNI").

2.      In my capacity as Vice President and General Counsel, my primary responsibility is to provide legal advice to PNI.

3.      In or around November 2001, I began communicating with Patrick Michael McHugh, attorney for Kevin Haney, on behalf of PNI regarding Mr. Haney's request for accommodation of his alleged disability.  My role in the discussions with Mr. McHugh was to represent PNI and to provide legal advice to PNI regarding its responses to the issues raised by Mr. Haney and his attorney.

4.      All of my communications with PNI's management regarding Mr. Haney were made for the purpose of providing legal advice to PNI.

5.    In or around February 2002, Mr. McHugh cut off discussions regarding Mr. Haney's request for accommodation.  Due to this action, no decision regarding that request was made by PNI.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   June 29, 2004

*Katherine Hatton*
Katherine Hatton

892493.1.PHI_LIT_50